**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

QUSSAY ABDULRAZZAK AL-KAISSEY,
Plaintiff,

v.

ALEJANDRO N. MAYORKAS, Secretary, U.S. Department of Homeland Security, *et al.*,
Defendants.

Case No. 22-cv-1772-BAS-MDD

**ORDER:**

**(1) GRANTING JOINT MOTION TO STAY (ECF No. 9);**

**(2) DIRECTING PARTIES TO FILE JOINT STATUS REPORT; AND**

**(3) TERMINATING MOTION TO DISMISS (ECF No. 5)**

Now before this Court is the parties' joint motion to stay proceedings to allow the U.S. Citizenship and Immigration Services ("USCIS") to complete adjudication of Plaintiff Qussay Abdulrazzak Al-Kaissey ("Plaintiff")'s Form I-589 Application for Asylum ("I-589 Application"). (Joint Mot. to Stay at 1:23–26 ("Joint Mot."), ECF No. 9.) For the reasons stated below, the Court **GRANTS** the Joint Motion (ECF No. 9), **STAYS** this action in its entirety, and **TERMINATES** without prejudice to renewal Defendants' pending motion to dismiss for lack of subject matter jurisdiction (Mot. to Dismiss, ECF No. 5).

## I. BACKGROUND

Plaintiff, his wife, and his two minor children are natives and citizens of Iraq. (Pet. ¶ 5, ECF No. 1.) On August 14, 2015, the U.S. Department of Homeland Security inspected and admitted to the United States Plaintiff and his family as B-2 visitors, which authorized them to remain in the United States for a period of six months. . (*Id.* ¶ 5.) On February 9, 2016, just prior to the expiration of his B-2 status, Plaintiff filed Form I-589 Application on behalf of himself and each of his family members, indicating that he feared returning to Iraq because of, *inter alia*, his religious beliefs and political opinions. (*Id.* ¶ 6.) Plaintiff fully submitted his I-589 Application when he participated in a background check on February 16, 2016, which he alleges he passed. (*Id.* ¶ 7.)

Plaintiff and his family members' I-589 Application remained pending for years. (*See* Pet. ¶¶ 8–10.) Through counsel, Plaintiff sent the USCIS' Los Angeles Asylum Office ("ZLA") several letters in 2017 and 2020, in which he sought to secure and expedite an asylum interview with USCIS on the basis that both he and his minor child suffered from mental and physical ailments, respectively, and, thus, would suffer "extreme hardship" from any further delay in the adjudicative process. (*Id.* ¶ 10.) In all instances, ZLA denied the requests or asked for more time to consider. (*Id.* ¶ 10.)

Having waited nearly seven years to no avail for USCIS to process his I-589 Application, Plaintiff filed a Petition for Writ of Mandamus on November 11, 2022, alleging that Defendants' inaction amounts to the "unlawful withholding" and/or "unreasonable delay" of Defendants' non-discretionary administrative and adjudicative functions and duties under 8 U.S.C. § 1158 *et seq*., in violation of the Administrative Procedures Act. (Pet. ¶ 25.) By this action, Plaintiff seeks to compel Defendants to adjudicate his I-589 Application. (*Id.*)

Approximately one month after this action commenced, USCIS scheduled Plaintiff for an asylum interview. (Notice of Interview, Ex. A to Mot. to Dismiss, ECF No. 5-1.) Shortly thereafter, Defendants moved to dismiss the Petition pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), contending, *inter alia*, the scheduled interview moots

Plaintiff's claims. (Mot. to Dismiss at 3:5–9.) It is undisputed Plaintiff's asylum interview proceeded as scheduled on January 5, 2023. (Joint Mot. at 1:23–26.)

On April 3, 2023, the parties jointly moved to stay this proceeding while USCIS adjudicates Plaintiff's I-589 Application, following Plaintiff's asylum interview. (*Id.*) USCIS estimates it will complete adjudication by approximately May 9, 2023. The parties agree that if USCIS does not complete its adjudication by May 9, 2023, the parties will file a joint status report on May 12, 2023, and that if the USCIS does complete adjudication within that same period, Plaintiff will voluntarily dismiss the case. (*Id.* at 2:1–3.)

## II. LEGAL STANDARD

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255.)

## III. ANALYSIS

This case arises out of Defendants' alleged failure to adjudicate Plaintiff's pending I-589 Application. However, Defendants aver—and Plaintiff concedes—that, since Plaintiff commenced this action, USCIS has moved forward with processing that Application. Specifically, USCIS interviewed Plaintiff on January 5, 2023, and avers that it is in the midst of adjudicating whether Plaintiff and his family qualify for asylum based

on Plaintiff's I-589 Application and asylum interview. USCIS anticipates it will complete its adjudication by no later than May 9, 2023.

The parties do not identify what damage, hardship, or inequity would result from granting a stay to confer USCIS time to adjudicate the Plaintiff's pending I-589 Application until May 9, 2023, approximately 120 days following plaintiff's asylum interview. Nor is any such damage, hardship, or inequity apparent to this Court. In fact, the parties all contend a stay is necessary to avoid superfluous and burdensome expenses and to prevent waste of judicial resources. (*See* Joint Mot. at 1:26–28.) This Court agrees. A stay here would protect the parties from expending any further resources or costs towards protracted litigation in this proceeding, which may well be resolved out-of-court by USCIS in approximately one month. Moreover, a stay would authorize this Court to hold in abeyance its decision on Defendants' Rule 12(b)(1) motion, which a USCIS adjudicative determination would render needless, thereby conserving this Court's own resources.

Accordingly, this Court finds the parties' proposed stay is warranted and, therefore, **GRANTS** the Joint Motion. (ECF No. 9.)

## IV. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** the Joint Motion and **STAYS** this action. (ECF No. 9.)
2. The Court **TERMINATES** Defendant's Rule 12(b)(1) motion without prejudice to renewal and **VACATES** all deadlines until further order of the Court. (ECF No. 5).
3. The Court **ORDERS** the parties to jointly file a report reflecting the status of USCIS's adjudication of Plaintiff's I-589 Application **by no later than May 12, 2023**.

**IT IS SO ORDERED.**

**DATED: April 11, 2023**

Hon. Cynthia Bashant
United States District Judge